**United States Bankruptcy Court**
District of Illinois

**Voluntary Petition**

Northern District of Illinois Eastern Division

| Name of Debtor (If individual, enter Last, First, Middle): | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| **Complete Outsourcing Solutions, Inc.** | N/A |
| All Other Names used by the debtor in the last 6 years (include married, maiden and trade names): | All Other Names used by the joint debtor in the last 6 years (include married, maiden and trade names): |
| Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No. (if more than one, state all): **36-4459196** | Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No. (if more than one, state all): **N/A** |
| Street Address of Debtor (No. and street, city, state, zip): **3555 Salt Creek Lane** **Arlington Heights, Illinois   60005** | Street Address of Joint Debtor (No. and street, city, state, zip): N/A |
| County of Residence or Principal Place of Business: **Cook County** | County of Residence or Principal Place of Business: N/A |
| Mailing Address of Debtor (If different from street address): c/o Blaise Woltrum 222 S. Riverside Plaza Suite 810 Chicago Illinois 60606 | Mailing Address of Joint Debtor (If different from street address): N/A |
| Location of Principal Assets of Business Debtor (If different from addresses listed above) | |

## Information Regarding Debtor (Check the Applicable Boxes)

**Venue** (Check any applicable box)
- [X] Debtor has been domiciled or has had a residence, principal place of business or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
- [ ] There is a bankruptcy case concerning debtor's affiliate, general partner or partnership pending in this district

| **Type of Debtor** (Check all boxes that apply) | | **Chapter or Section of Bankruptcy Code Under Which the Petition is Filed** (Check one box) | | |
|---|---|---|---|---|
| [ ] Individual | [ ] Railroad | [X] Chapter 7 | [ ] Chapter 11 | [ ] Chapter 13 |
| [X] Corporation | [ ] Stockbroker | [ ] Chapter 9 | [ ] Chapter 12 | |
| [ ] Partnership | [ ] Commodity Broker | [ ] § 304-Case ancillary to foreign proceeding. | | |
| [ ] Other | [ ] Clearing Bank | | | |

| **Nature of Debt** (Check one box) | **Filing Fee** (Check one box) |
|---|---|
| [ ] Consumer/Non-Business    [X] Business | [X] Full Filing Fee attached. |

**Chapter 11 Small Business** (Check all boxes that apply)
- [ ] Debtor is a small business as defined in 11 U.S.C. § 101.
- [ ] Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional) *unknown*

- [ ] Filing Fee to be paid in installments (Applicable to individuals only)

Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3

**Statistical/Administrative Information** (Estimates Only)
- [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.
  *unknown*

THIS SPACE FOR COURT USE ONLY

**U.S. Bankruptcy Court**
**Northern District Of Illinois**
Filed: 06/15/2004
Time: 16:26:02
Debtor: COMPLETE OUTSOURCING SO
Case: 04-22741      Fee : 209
Chapter: 7 Rec. # : 3085974
Judge: John Schwartz
341 mtg: 08/03/2004 @ 02:30PM
Trustee: ALEX MOGLIA

1:04BK22741-BK001

| Estimated Number of Creditors | 1-15 | 16-49 | 50-99 | 100-199 | 200-99 |
|---|---|---|---|---|---|
| | [ ] | [X] | [ ] | [ ] | [ ] |

| Estimated Assets | | | | | |
|---|---|---|---|---|---|
| | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $100 million |
| | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

| Estimated Debts | | | | | |
|---|---|---|---|---|---|
| | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $100 million |
| | [ ] | [ ] | [ ] | [X] | [ ] | [ ] |

**Voluntary Petition**
*(This page must be completed and filed in every case)*

Name of Debtor(s): **Complete Outsourcing Solutions, Inc.**

| Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet) | | |
|---|---|---|
| Location Where Filed: **N/A** | Case Number: **N/A** | Date Filed: **N/A** |

| Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor: **N/A** | Case Number: **N/A** | Date Filed: **N/A** |
| District: **N/A** | Relationship: **N/A** | Judge: **N/A** |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11,12,13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone (If not represented by attorney)

_____
Date

### Signature of Attorney

X _~~signature~~_
Signature of Attorney for Debtor(s)
**Robert R. Frankenstein**
Printed Name of Attorney for Debtor(s)
**Goldberg + Frankenstein LLC**
Firm Name
**222 S. Riverside Pl. #810**
Address
**Chicago Illinois 60606**
**312 930 5600**
Telephone Number
**6/15/2004**
Date

### Signature(s) of Debtor(s) (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

If debtor is a corporation filing under chapter 11, United States Code, specified in this petition.

X _~~signature~~_
Signature of Authorized Individual
**Blaise Woltrum**
Print or Type Name of Authorized Individual
**President, by court order**
Title of Authorized Individual by Debtor to File this Petition
**6/15/04**
Date

### EXHIBIT A

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☐ Exhibit A is attached and made part of this petition.

### EXHIBIT B

(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X _____
Signature of Attorney for Debtor(s)        Date

### EXHIBIT C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.
☐ No

### Signature of Non-Attorney Petition Preparer

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number (Required by 11 U.S.C. 110(c).)

_____
Address

Names and Social Security numbers of all other Individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X _____
Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.

UNITED STATES BANKRUPTCY COURT                 **DISTRICT OF**

In re: Complete Outsourcing Solutions Inc Debtor(s)      Case No.      (If Known)

See summary below for the list of schedules.  Include Unsworn Declaration under Penalty of Perjury at the end.

**GENEFAL INSTRUCTIONS:** Schedules D, E and F have been designed for the listing of each claim only once.  Even when a claim is secured only in part, or entitled to priorityonly in part, it still should be listed only once.  A claim which is secured in whole or in part should be listed on Schedule D only, and a claim which is entitled to priority in whole or in part should be listed in Schedule E only.  Do not list the same claim twice.  If a creditor has more than one claim, such as claims arising from separate transactions, each claim should be scheduled separately.

Review the specific instructions for each schedule before completing the schedule.

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

| Name of Schedule | Attached (Yes No) | Number of sheets | Assets | Liabilities | Other |
|---|---|---|---|---|---|
| A - Real Property | No | – | | | |
| B - Personal Property | Yes | 2 | 238,224.16 + | | |
| C - Property Claimed as Exempt | No | – | | | |
| D - Creditors Holding Secured Claims | No | – | | | |
| E - Creditors Holding Unsecured Priority Claims | Yes | 1 | | 22,055.43 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 6 | ~~685,350.06~~ | 685,350.06 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | No | – | | | |
| I - Current Income of Individual Debtor(s) | No | – | | | |
| J - Current Expenditures of Individual Debtor(s) | No | – | | | |
| Total Number of Sheets of All Schedules | | | | | |
| Total Assets | | | 238,224.16 | | |
| Total Liabilities | | | | 707,405.49 | |

Case 04-22741 Doc 1 Filed 06/15/04 Entered 06/15/04 16:22:45 Desc 2-Petition (if known)
In re: Complete Outsourcing Solutions, Inc. Debtor(s) Case No. _____
Page 4 of 22

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | H W J C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| | | | | |

Total -> $     (Report also on Summary of Schedules.)

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT MARKET VALUE OF DEBTORS INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | 4 | Certificate of Deposit, Northern Trust #20273 1501 Woodfield Road, Schaumburg IL 60173 | | $42,182.55 |
| | | Certificate of Deposit, Northern Trust #293923 1501 Woodfield Road, Schaumburg IL 60173 | | $2,939.43 |
| | | LaSalle Bank, 1355 LaSalle Street Chgo IL 60603 acct #5201282661 | | $6102.18 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | TCF Bank 500 W. Joliet Rd Willowbrook IL 60527 acct# 2876042490 | | $20,000 |
| 4. Household goods and furnishings including audio, video and computer equipment. | X | Controlled by Dola Thompson possibly or likely for the benfit of Kenneth Thompson | | |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | 1 | Pierre G. Rothstein 4139 Main Street Skokie IL 60076 he holds all insurance policies + bonds if not then John A. Pighee, 18-1 E. Dundee Rd #200 Barrington IL 60010 | | |

© 1991 JULIUS BLUMBERG, INC., NYC 10013

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 10. Annuities. Itemize and name each issuer. | | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize | | | | |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | | | | |
| 13. Interest in partnerships or joint ventures. Itemize. | | | | |
| 14. Government and corporate bonds and other negotiable and nonnegotiable instruments. | 1 | Unknown | | |
| 15. Accounts receivable. | | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | | | | |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | | | | |
| 19. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | | | | |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | 3 | 2 Mecedes | | $27,000 |
| | | Trailer | | $5,000 |
| 24. Boats, motors, and accessories. | | | | |
| 25. Aircraft and accessories. | | | | |
| 26. Office equipment, furnishings, and supplies. | 5 | Computers/Servers/monitors | | 30,000 |
| | | Telephone System | | 15,000 |
| 27. Machinery, fixtures, equipment, and supplies used in business. | | Switch | | 15,000 |
| | | Airconditioner (2) | | 10,000 |
| 28. Inventory. | | Furniture | | 5,000 |
| 29. Animals. | X | | | |
| 30. Crops - growing or harvested. Give particulars. | X | | | |
| 31. Farming equipment and implements. | X | | | |
| 32. Farm supplies, chemicals, and feed. | X | | | |
| 33. Other personal property of any kind not already listed. Itemize. | | | | |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules)    Total ->   $

_____ continuation sheets attached

3072 ● 1991 JULIUS BLUMBERG, INC., NYC 10013

In re: *Complete Outsourcing Solutions Inc.*    Debtor(s)    Case No. _____ (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☒ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E

**TYPE OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Extensions of credit in an involuntary case**    Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507 (a) (2).

☒ **Wages, salaries, and commissions**    Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees, and commissions owing to qualifying independent sales representatives up to $4,650* per person, earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507 (a) (3).

☐ **Contributions to employee benefit plans**    Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507 (a) (4).

☐ **Certain farmers and fishermen**    Claims of certain farmers and fishermen, up to $4,650* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507 (a) (5).

☐ **Deposits by individuals**    Claims of individuals up to $2,100* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507 (a) (6).

☐ **Alimony, Maintenance, or Support**    Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. § 507 (a) (7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**    Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507 (a) (8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**    Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a) (9).

*Amounts are subject to adjustment on April 1, 2004, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CUD* | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|
| A/C# Blaise Wolfrum 58 Penny Road South Barrington Il 60010 | | | Salary May 2003-Dec 2003 | | $13,333.28 | $13,333.28 |
| A/C# Blaise Wolfrum 58 Penny Road South Barrington Il 60010 | | | Salary Jan 1, 2004-June 7, 2004 | | $8,722.15 | $8,722.15 |
| A/C# | | | | | | |
| A/C# | | | | | | |
| A/C# | | | | | | |

Subtotal -> (Total of this page)    $22,055.43
Total -> (use only on last page of the completed Schedule E)    $22,055.43
(Report total also on Summary of Schedules)

_____ Continuation sheets attached.

* If contingent, enter C; if unliquidated, enter U; if disputed, enter D.

3072 Blumberg Excelsior, Inc., NYC 10013

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | H W J C * | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C U D ** | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| A/C # CPP270014 Pierre G. Rothstein 4139 main Street Skokie Illinois 60076 | | | 12/5/03 | | $1669.00 |
| A/C # 413 Michael Barilaro Atlantic Business Service 49 Winter Street Weymouth MA 02188 | | | | | $990.00 |
| A/C # 119361-92 State of Oregon Secretary of State 255 Capital St. NE, Suite 151 Salem, OR 97310-1327 | | | 1/15/2004 | | $50.00 |
| A/C # 63054076209989 SBC Bill Payment Center Chicago Illinois 60668 | | | 12/15/2003 | | $771.46 |
| A/C # 8168057018 Com Ed Bill Payment Center Chicago Illinois 60668 | | | 12/1/2003 | | $36.11 |
| A/C # 13NX46627 State Farm Insurance 2702 Ireland Grove Road Bloomington IL 61709 | | | 11/1/2003 | | $796.00 |
| A/C # 2100-27770 Woodfield Lexus, Inc. 155 W. Higgins Road Hoffman Estates, IL 60195 | | | 11/27/2003 | | $361.43 |
| A/C # 556 2812 TAC Collections, Inc. #101 N. Michigan Ave, #1200 Chicago Illinois 60611 | | | 11/18/2003 | | $3048.88 |
| A/C # 72132780 Chicago Tribune PO Box 6490 Chicago IL 60680 | | | 11/1/2003 | | $45.50 |

5  Continuation Sheets attached.

Subtotal -> (Total of this page)  $ 7768.38

Total -> $ _____
(use only on last page of completed Schedule F.)

* If husband, enter H; if wife, enter W; if joint enter J, if community, enter C.

** If contingent, enter C; if unliquidated, enter U; if disputed, enter D.

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | H W J C * | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C U D ** | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| A/C # 0002837 Much Shelist 191 N. Wacker Dr. #1800 Chicago Illinois 60606 | | | 8/2003    Legal Fees | | $328.00 |
| A/C # 0002730 Much Shelist 191 N. Wacker Drive # 1800 Chicago Illinois 60606 | | | 3/2003    Legal Fees | | $42,879.58 |
| A/C # 2002287818-02 CT Corporation PO Box 4349 Carol Stream IL 60197 | | | | | $1342.00 |
| A/C # 19278194865 Purchase Power Box 856042 Louisville, KY 40285·6042 | | | 12/7/03    Office Supplies | | $1806.68 |
| A/C # 636422518 Nextel PO Box 172408 Denver CO 80217-2408 | | | 11/4/03    phone | | $503.68 |
| A/C # 324055 Pitney Bowes 2225 American Drive Neenah, WI 54956·1005 | | | | | $81.89 |
| A/C # ACA International Box 390106 Minneapolis, MN 55439 | | | Membership dues | | $315.00 |
| A/C # ACH055528 Western Union 20 Corporate Hills Drive St. Charles, MO 63301 | | | Wire Service | | $1206.40 |
| A/C # 598716 Collection Data Systems 2225 First Street, Suite 102 Simi Valley, CA 93065 | | | 12/3/2003    Software & Equipment | | $2250.00 |

5    Continuation Sheets attached.

Subtotal -> (Total of this page)    $50,713.23

Total -> $ ____

* If husband, enter H; if wife, enter W; if joint enter J; if community, enter C.

** If contingent, enter C; if unliquidated, enter U; if disputed, enter D.    (use only on last page of completed Schedule F.)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See Instructions.) | CODEBTOR | H W J C * | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C U D ** | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| A/C # 84763731000 Consolidated Public Services 121 S. 17th Street PO Box 7001 Mattoon Illinois 61938 | | | 11/26/2003 | | $360.85 |
| A/C # 84763731010 Consolidated Public Services 121 S. 17th Street PO Box 7001 Mattoon Illinois 61938 | | | 11/26/2003 | | $511.15 |
| A/C # 41468500 00295951 Aspire PO Box 23007 Columbus GA 31902-3007 | | | 11/13/2003 | | $610.67 |
| A/C # 3146633 CT Corporation 208 S. LaSalle Street Team2 Chicago Illinois 60604 | | | 9/27/2003 | | $5131.84 |
| A/C # 2406030015 Express Bill 26 Century Blvd, S#601 Nashville TN 37214-4620 | | | | | $111,887.98 |
| A/C # 94/12/07-07 Digital Matrix Systems 15301 Spectrum Drive, 2nd Addison, Texas 75001 | | | 11/11/03 | | $195.00 |
| A/C # C03772 American Computer Supplies 11755 Exposition Blvd. Los Angeles, CA 90064 | | | 11/21/2003 | | $58.92 |
| A/C # 180-0133675-2008-01 Waste Management 1411 Opus Place, #400 Downer Grove IL 60515 | | | 12/1/03 | | $426.72 |
| A/C # 42236929 00935251 Payment, Inc. 9121 Oakdale Ave #201 Chatsworth CA 9131 | | | | | $95.99 |

5 Continuation Sheets attached.

Subtotal -> (Total of this page) $ 114,346.78

Total -> $ _____

(use only on last page of completed Schedule F.)

\* If husband, enter H; if wife, enter W; if joint enter J, if community, enter C.

\*\* If contingent, enter C; if unliquidated, enter U; if disputed, enter D.

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | H W J C * | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C U D ** | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| A/C # 65015-103084 Village of Arlington Heights 33 S. Arlington Hts. Rd. Arlington Heights, IL 60005 | | | | | $1341.89 |
| A/C # IRS Cincinnati Ohio 45999.0039 | | | Taxes | | $5221.24 |
| A/C # Department of Police 8820 Brookfield Ave Brookfield IL 60513 | | | | | |
| A/C # 36-4459196 IRS 860 e. Algonquin Schaumburg Illinois 60173 | | | | | $7248.72 |
| A/C # 6973334 Pitney Bowes Credit Corp. PO Box 856460 Louisville KY 40285-6460 | | | 5/3/2004 | | $161.00 |
| A/C # BLC 1709121 Pierre G. Rothstein 4139 w. main street Skokie IL 60076 | | | 5/5/2004   Bond Fees | | $425.00 |
| A/C # 001-047314-000 CIT 233 N. michigan Ave #1800 Chicago Illinois 60601 | | | Credit card lease equipment | | $1800 total $58.08 P/M |
| A/C # 3044611 ACA International PO Box 390106 Minneapolis MN 55439 | | | | | |
| A/C # Alper Services LLC 60 w. superior St. Chicago IL 60610 | | | Insurance | | |

5  Continuation Sheets attached.

Subtotal -> (Total of this page)   $ 14,455.93

Total -> $

* If husband, enter H; if wife, enter W; if joint enter J, if community, enter C.

** If contingent, enter C; if unliquidated, enter U; if disputed, enter D.

(use only on last page of completed Schedule F.)

3072 Blumberg Excelsior, Inc., NYC 10013
3072 Blumberg Excelsior, Inc., NYC 10013

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C U D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| A/C # C70581 Verizon Accounts Payable 770 Elm Street Manchester NH 03101 | | | | | $2501.48 |
| A/C # 156847908066 Pitney Bowes Credit Corp. Box 856460 Louisville KY 40285 | | | Stamp machine | | $141.00 |
| A/C # 490964 44037 Com Ed Chicago Illinois | | | 6/4/04  electric | | $7098.50 |
| A/C # 155YC18852 Equifax Box 4472 Atlanta, Georgia 30302 | | | credit reports | | $150.00 |
| A/C # 186580 Fox Valley Fire & Safety 1730 Berkley Street Elgin Illinois 60123 | | | fire supression | | $1060.88 |
| A/C # Goldenberg + Barasch PC 1121 Lake Cook Rd. Suite M Deerfield IL 60015 | | | Accounting work | | $3168.75 |
| A/C # 2100-27770 Woodfield Lexus 350 E Golf Road Woodfield IL 60173 | | | Car Service | | $361.43 |
| A/C # Focal 200 N. Lasalle Street, #100 Chicago Illinois 60601 | | | Telephone | | $2097.66 |
| A/C # 22469 Arlington Security Co. 218 E. Grove Street Arlington Heights IL 60005 | | | 5/10/2004  Alarm System | | $3162.90 |

5 Continuation Sheets attached.

Subtotal -> (Total of this page)  $19,742.60

Total -> $

(use only on last page of completed Schedule F.)

* If husband, enter H; if wife, enter W; if joint enter J, if community, enter C.

** If contingent, enter C; if unliquidated, enter U; if disputed, enter D.

3072-F— Schedule F, 12-03

3072 BlumbergExcelsior, Inc., NYC 10013

BlumbergExcelsior, Inc., NYC 10013

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C U D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| A/C # 3511 01516<br>Nextel<br>P.O. Box 172408<br>Denver, CO 80217-2408 | | | 5/11/2004 Phone | | $323.14 |
| A/C #<br>Great Lakes REIT, LP<br>C/o Dept. 77-6085<br>Chicago IL 60678-6085 | | | Rent | | $20,000 |
| A/C #<br>Blaise Wolfrum<br>58 Penny Road<br>Barrington IL 60010 | | | 12/2002 Loan | | $75,000 plus interest |
| A/C #<br>Blaise Wolfrum<br>58 Penny Road<br>Barrington IL 60010 | | | 7/2002 Bond | | $162,000 plus interest |
| A/C #<br>Blaise Wolfrum<br>58 Penny Road<br>Barrington IL 60010 | | | 6/2003 Put exercised | | $210,000 |
| A/C #<br>Blaise Wolfrum<br>58 Penny Road<br>Barrington IL 60010 | | | 1/2003 | | $61,000 |
| A/C #<br>Blaise Wolfrum<br>58 Penny Road<br>Barrington IL 60010 | | | 4/2003 | | $100,000 |
| A/C #<br>Behavioral Health Care<br>1375 E. Schaumburg Rd<br>#206<br>Schaumburg IL 60194 | | | Collection Client for placement made 10/2001 thru March 01 | | $5,000.00 |
| A/C #<br>Peoples Energy | | | | | |

5 Continuation Sheets attached.

Subtotal -> $478,323.14
(Total of this page)

Total -> $685,350.06
(use only on last page of completed Schedule F.)

* If husband, enter H; if wife, enter W; if joint enter J, if community, enter C.

** If contingent, enter C; if unliquidated, enter U; if disputed, enter D.

In re: Complete Outsourcing Solutions Inc     Debtor(s)     Case No. _____ (if known)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| Great Lakes REIT, LP<br>c/o Dept. 77-6085<br>Chicago Illinois 60678-6085 | Nonresidential Real property located at<br>3555 Salt Creek Lane<br>Arlington Heights IL 60005<br><br>leasehold interest |
| CIT Lease<br>PO BOX 4263<br>Chicago IL 60693<br>Lease# 001-0477314-000 | Credit card machine lease |

3072 ● 1991 JULIUS BLUMBERG, INC., NYC 10013

UNITED STATES BANKRUPTCY COURT

In re _Complete Outsourcing Solutions Inc_____ Debtor(s)     Case No. _____   (If Known)

## STATEMENT
Pursuant to Rule 2016(b)

The undersigned, pursuant to Rule 2016(b) Bankruptcy Rules, states that:

(1) The undersigned is the attorney for the debtor(s) in this case.

(2) The compensation paid or agreed to be paid by the debtor(s) to the undersigned is:

    (a) for legal services rendered or to be rendered in contemplation of and in connection
    with this case  _See attached exhibit 2_ ......................................... $ ................................

    (b) prior to filing this statement, debtor(s) have paid ........................ $ ................................

    (c) the unpaid balance due and payable is ...................................... $ ................................

(3) $ _____ of the filing fee in this case has been paid.

(4) The services rendered or to be rendered include the following:

    (a) analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining whether to file a
petition under title 11 of the United States Code.

    (b) preparation and filing of the petition, schedules, statement of affairs and other documents required by the court.

    (c) representation of the debtor(s) at the meeting of creditors.

(5) The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for services
performed, and _to be performed in the course of the bankruptcy on an hourly basis from the personal funds of Blaise Wolfrum with an expectation that a petition will be made to the bankruptcy court if funds are available and approved by the Court._

(6) The source of payments to be made by the debtor(s) to the undersigned for the unpaid balance remaining, if any, will be from
earnings, wages and compensation for services performed, and _to be performed in the course of the bankruptcy on an hourly basis with the personal funds of Blaise Wolfrum with an expectation that a petition will be made to the bankruptcy court if funds are available and approved by the Court._

(7) The undersigned has received no transfer, assignment or pledge of property except the following for the value stated:

_no property of the bankrupt_

(8) The undersigned has not shared or agreed to share with any other entity, other than with members of undersigned's law firm,
any compensation paid or to be paid except as follows:

_none_

Dated: _____

Respectfully submitted, _____ _Attorney for Petitioner_

_Attorney's name and address_ ........................................................................................

● 1991 JULIUS BLUMBERG, INC., NYC 10013

Form 7 (Statement of Financial Affairs (12-03)

Blumberg Law Products

Blumberg Excelsior, Inc., Publisher NYC 10013
www.blumberg.com

UNITED STATES BANKRUPTCY COURT                    DISTRICT OF

In re: **Complete Outsourcing Solutions Inc**          Debtor(s)          Case No.

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1-18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19-25. **If the answer to any question is "None," or the question is not applicable, mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or person in control of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any person in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. §101.

☐ None   **1. Income from Employment or Operation of Business**

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)
Give AMOUNT and SOURCE (if more than one).

→ attached as exhibit 1

☒ None   **2. Income Other than from Employment or Operation of Business**

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) Give AMOUNT and SOURCE.

**3. Payments to Creditors**

☒ None   a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within **90 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)
Give NAME and ADDRESS OF CREDITOR, DATES OF PAYMENTS, AMOUNT PAID and AMOUNT STILL OWING.

To the Knowledge of Blaise Wolfrum no creditors have been paid. Kenneth Thompson has control of the monies.

☐ None   b. List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)
Give NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR, DATE OF PAYMENT, AMOUNT PAID and AMOUNT STILL OWING.

**4. Suits and Administrative Proceedings, Executions, Garnishments and Attachments**

☐ None   a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)
Give CAPTION OF SUIT AND CASE NUMBER, NATURE OF PROCEEDING, COURT OR AGENCY AND LOCATION AND STATUS OR DISPOSITION.

GE Capital Corp v. McAllister & Associates Judgement on Outsourcing Solutions, Inc. In the amount of $91,176.27  case#02L13541

Wolfrum v. Thompson, Complete Outsourcing et.al. Case# 03CH11244

☐ None   b. Describe all property that has been attached, garnished, or seized under any legal or equitable process within one year

Immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Give NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED, DATE OF SEIZURE and DESCRIPTION AND VALUE OF PROPERTY.

☒ None   **5. Repossessions, Foreclosures, and Returns**

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Give NAME AND ADDRESS OF CREDITOR OR SELLER, DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN and DESCRIPTION AND VALUE OF PROPERTY.

**6. Assignments and Receiverships**

☒ None   a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a join petition is filed, unless the spouses are separated and a joint petition is not filed.)

Give NAME AND ADDRESS OF ASSIGNEE, DATE OF ASSIGNMENT and TERMS OF ASSIGNMENT OR SETTLEMENT.

☐ None   b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Give NAME AND ADDRESS OF CUSTODIAN, NAME AND LOCATION OF COURT, CASE TITLE & NUMBER, DATE OF ORDER and DESCRIPTION AND VALUE OF PROPERTY.

☒ None   **7. Gifts**

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than the $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Give NAME AND ADDRESS OF PERSON OR ORGANIZATION, RELATIONSHIP TO DEBTOR, IF ANY, DATE OF GIFT, and DESCRIPTION AND VALUE OF GIFT.

☐ None   **8. Losses**

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Give DESCRIPTION AND VALUE OF PROPERTY, DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS and DATE OF LOSS.

*Computers are missing, the amount of which is unknown. I have been informed by Kenneth and Dola Thompson that they have been taken by Eol Turner, the truth of which is unknown to Blaise Wolfrum*

☒ None   **9. Payments Related to Debt Counseling or Bankruptcy**

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

Give NAME AND ADDRESS OF PAYEE, DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR and AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY.

☒ None   **10. Other Transfers**

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is file, unless the spouses are separated and a joint petition is not filed.)

Give NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR, DATE, and DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED.

☐   None   **11. Closed Financial Accounts**

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Give NAME AND ADDRESS OF INSTITUTION, TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER AND AMOUNT OF FINAL BALANCE and AMOUNT AND DATE OF SALE OR CLOSING.

TCF Bank 500 w. Joliet Rd. Willowbrook IL 6052-
acct # 2876042490

Northern Trust 1501 Woodfield Rd. Schaumburg IL 6017-
acct # 1844008
acct # 1967819
acct # 1954806
acct # 1967959

LaSalle Bank 135 S. LaSalle St. Chicago IL 60603
acct # 5201282661

☒   None   **12. Safe Deposit Boxes**

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Give NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY, NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY, DESCRIPTION OF CONTENTS and DATE OF TRANSFER OR SURRENDER, IF ANY.

☒   None   **13. Setoffs**

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Give NAME AND ADDRESS OR CREDITOR, DATE OF SETOFF and AMOUNT OF SETOFF.

☒   None   **14. Property Held for Another Person**

List all property owned by another person that the debtor holds or controls.
Give NAME AND ADDRESS OF OWNER, DESCRIPTION AND VALUE OF PROPERTY and LOCATION OF PROPERTY.

☒   None   **15. Prior Address of Debtor**

If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

Give ADDRESS, NAME USED AND DATES OF OCCUPANCY.

☒   None   **16. Spouses and Former Spouses**   N/A

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the six-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

Give NAME.

☒   None   **17. Environmental Information**

For the purpose of this question, the following definitions apply: "Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material. "Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites. "Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

☐   None   **a.** List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

Give SITE NAME AND ADDRESS, NAME AND ADDRESS OF GOVERNMENTAL UNIT, DATE OF NOTICE and ENVIRONMENTAL LAW.

☐   None   **b.** List the name and address of every site for which the debtor has provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

Give SITE NAME AND ADDRESS, NAME AND ADDRESS OF GOVERNMENTAL UNIT, DATE OF NOTICE and ENVIRONMENTAL LAW.

☐   None   **c.** List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

Give NAME AND ADDRESS OF GOVERNMENTAL UNIT, DOCKET NUMBER and STATUS OR DISPOSITION.

**18. Nature, Location and Name of Business**

☒   None   **a.** If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship or was a self-employed

*(continues on next page)*

professional within the **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

If the debtor is a partnership, list the names and addresses of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities, within the **six years** immediately preceding the commencement of this case.

If the debtor is a corporation, list the names and addresses of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities within the **six years** immediately preceding the commencement of this case.

Give NAME, TAXPAYER I.D. NUMBER, ADDRESS, NATURE OF BUSINESS and BEGINNING AND ENDING DATES.

☐ None    b.  Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

Give NAME and ADDRESS.

The following questions are to be completed as shown below.*

**19. Books, Records, and Financial Statements**

☒ None    a.  List all bookkeepers and accountants who within the **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

Give NAME AND ADDRESS and DATES SERVICE RENDERED.

☒ None    b.  List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

Give NAME, ADDRESS and DATES SERVICES RENDERED.

☒ None    c.  List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

Give NAME AND ADDRESS and DATE ISSUED.

☒ None    d.  List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the **two years** immediately preceding the commencement of this case by the debtor.

Give NAME AND ADDRESS and DATE ISSUED.

**20. Inventories**

☒ None    a.  List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

Give DATE OF INVENTORY, INVENTORY, SUPERVISOR and DOLLAR AMOUNT OF INVENTORY (specify cost, market or other basis).

☒ None    b.  List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

Give DATE OF INVENTORY and NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS.

**21. Current Partners, Officers, Directors and Shareholders**

☐ None    a.  If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

Give NAME AND ADDRESS, NATURE OR INTEREST and PERCENTAGE OF THE INTEREST.

☐ None    b.  If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting securities of the corporation.

Give NAME AND ADDRESS, TITLE and NATURE AND PERCENTAGE OF STOCK OWNERSHIP.

**22. Former Partners, Officers, Directors and Shareholders**

☐ None    a.  If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

Give NAME, ADDRESS and DATE OF WITHDRAWAL.

☐ None    b.  If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of the case.

Give NAME AND ADDRESS, TITLE and DATE OF TERMINATION.

**23. Withdrawals from a Partnership or Distributions by a Corporation**

☐ None  If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemption, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

Give NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR, DATE AND PURPOSE OR WITHDRAWAL, and AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY.

**24. Tax Consolidation Group.**

☒  If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the **six-year period** immediately preceding the commencement of the case.

Give NAME OF PARENT CORPORATION and TAXPAYER IDENTIFICATION NUMBER.

**25. Pension Funds.**

☒  If the debtor is not an individual, list the name and federal taxpayer identification number of any fund to which the debtor, as an employer, has been responsible for contributing at any time within the **six-year period** immediately preceding the commencement of the case.

Give NAME OF PENSION FUND and TAXPAYER IDENTIFICATION NUMBER.

*handwritten notes in right margin:*

Blaise Wolfrum isn't aware of any bookkeepers or accountants

Last accountant for 2002 taxes Earl Goldenberg 1121 Lake Cook Rd Suite M Deerfield IL 60015 (847)948-9140

Irene Games was last employed as a Bookkeeper. Location unknown. Terminated by Ken Thompson around March 2003

Kenneth Thompson has operated as the sole officer and director of the corporation although representing to other stock holders that they were directors & officers until a Judge ordered Blaise Wolfrum as acting President to wind down the business affairs, upon determination that there was no money left in business, Bankruptcy was filed

_____continuation sheets attached

*Complete unsworn declaration on page 3076-5*

* The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within the **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or otherwise self-employed. (An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)

In re: *Complete Outsourcing Solutions Inc* Debtor(s)    Case No. _____

(If known)

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets,
(Total shown on summary page plus 1.)
and that they are true and correct to the best of my knowledge, information, and belief.

Date _____    Signature: _____

Debtor

Date _____    Signature: _____

(Joint Debtor, if any) (If joint case, both spouses must sign.)

---

### CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (SEE 11 U.S.C. § 110)

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____    _____
Printed or Typed Name of Bankruptcy Petition Preparer    Social Security No.
(Required by U.S.C. §110(c).)

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

X _____    _____
Signature of Bankruptcy Petition Preparer    Date

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156*

---

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the *President* (the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership) of the *Corporation* (corporation or partnership) named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

(Total shown on summary page plus 1.)

Date _____    Signature: _____

(Print or type name of individual signing on behalf of debtor.)

(An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.)

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §152 and 3571

## ANSWERS TO STATEMENT OF FINANCIAL AFFAIRS

a.     Income from employment or operation of business.

Blaise Wolfrum is the President of the Corporation pursuant to a Court order entered by the Judge Ryan of the Circuit Court of Cook County, Illinois, County Department, Chancery Division, on or about March 19, 2004 a copy of which is attached hereto. The corporation was formed on the directions of Kenneth Thompson as a debt collection business in the State of Illinois and registered to do business in other states the exact licenses issued being unknown to Blaise Wolfrum. Interests in the corporation, represented to be stock, were sold by Kenneth Thompson in said corporation, including alleged shares to Blaise Wolfrum. Blaise Wolfrum, the undersigned is now the acting President of Complete Outsourcing Solutions, Inc. (hereinafter referred to as "Complete") pursuant to an order of the Circuit Court of Cook County, Illinois, a copy of which is attached hereto and marked Exhibit "A". this order was entered pursuant to a cause of action filed against Kenneth Thompson setting forth in said complaint that although he was orally informed that Blaise Wolfrum was an officer and stockholder of Complete, he was denied access to the books and records, denied access to the assets of Complete, was informed that the business was really the property of Kenneth Thompson, was and would be run by Kenneth Thompson as his business and as Kenneth Thompson saw fit without inference of any party including what Thompson represented were holders of stock and notwithstanding any rights that any other party should have as a stockholder, officer or director. Upon questioning the use of assets of Complete and demanding access to the books and records of Complete by Blaise Wolfrum, Kenneth Thompson, by himself and by and through his attorneys, acting on behalf of Kenneth Thompson and Complete and through the employees of complete as directed by Kenneth Thompson, , banned Blaise Wolfrum from the corporate premises and formally removed Wolfrum from accessing any of Complete's accounts, the records or the ability make payment by Complete of any debts and obligation while transferring assets of Complete from Complete's corporate accounts to himself or to third parties and into accounts which Kenneth Thompson directly controlled, accounts which upon his direction to third parties he controlled or directed payments for items or to individuals from whom Thompson obtained benefit.

Complete Outsourcing Solutions, Inc. was incorporated on October 26, 2001 and believe took over the business of a previous Illinois corporation known as McAllister & Associates, Inc. owned and/or operated by Kenneth Thompson or pursuant to his direction and control. To the knowledge of Blaise Wolfrum, corporate records of income and expenses were kept on Quick Books, which is a computer program, the electronic data and computer containing this information has not been located since the appointment of Blaise Wolfrum, as President, by the Circuit Court of Cook County, Illinois when he obtained access to the corporate offices to determine the status of Complete by and through any records that might be available.

From bank records obtained by Blaise Wolfrum prior to his expulsion from the corporate premises by Kenneth Thompson and some of the spread sheets found at the

Exhibit 1

corporate premises when access was granted by the Circuit Court to Blaise Wolfrum income was generated by Complete in the following estimated amounts:

a. Income on a monthly basis from approximately April of 2002 through October of 2002 income most likely averaged approximately $15,000.00 per month.

b. Income on a monthly basis from approximately October of 2003 to possibly May of 2003 could have been in the sum of $150,000.00 per month and could have continued after that date. Ii also must be noted that funds received into the corporation could have been from collection received on behalf of clients as well as for income earned in the collection business and that Blaise Wolfrum was banned from the corporate headquarters on or about May 7, 2003. At this juncture Blaise Wolfrum was denied access to any books and records of the corporation, was also removed from any of the accounts and from any official position that he may have had in an official capacity for Complete.

c. Checks for individual parties, believed to be payments by creditors of Verizon, Peoples Energy or other business that had been represented by Complete as a collection agency are still being received and accumulated being unable to know for certain to whom the checks belong and the authority of Complete to still represent any prior customers and what portion, if any is funds belonging to Complete.

d. On or about May 13, 2003, Kenneth Thompson began serving a prison sentence resulting from a conviction for domestic violence and was committed to the Big Muddy prison in the State of Illinois, a copy of the official record of which available to the public is attached hereto. During communications between Kenneth Thompson and Blaise Wolfrum during the time the law suit brought by Blaise Wolfrum was and still is pending Kenneth Thompson informed Blaise Wolfrum that the business was still being operated through Dola Thompson, the sister of Kenneth Thompson and that control and access to a sum in the amount of $200,000.00 was being used for the operation of the business, the source and the method of receipt of the funds by Kenneth Thompson or Dola Thompson is unknown to Blaise Wolfrum., except for the withdrawal by Dola Thompson of the sum of approximately $10,000.00 from a LaSalle Bank account in the name of Complete Outsourcing Solutions, Inc. the existence of which was unknown to Blaise Wolfrum until after its removal from the account.

To the knowledge of Blaise Wolfrum, there are no available funds that he may gain immediate access to and that fees to the attorney, which are being charged on an hourly basis, for the bankruptcy are being paid out of the personal funds of Blaise Wolfrum and that it is the intention of Blaise Wolfrum to ask for reimbursement from the bankruptcy court for any funds realized by the bankrupt estate of the reimbursement of funds required to be paid to the attorney for the bankruptcy.

Exhibit 2